IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kathleen Stovash, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  11 C 99 |
| Credit Control, LLC, a Missouri limited liability company, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Kathleen Stovash, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Kathleen Stovash ("Stovash"), is a citizen of the State of Pennsylvania from whom Defendant continued to attempt to collect a delinquent consumer debt owed to Aspire Visa, despite the fact that she had demanded, through the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois, that Defendant

cease its collection actions.

4. Defendant, Credit Control, LLC ("Credit Control"), is a Missouri limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Credit Control was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Credit Control is licensed to conduct business in Illinois and maintains a registered agent here. See, record from the Illinois Secretary of State attached as Exhibit A.

6. Defendant Credit Control is licensed as a collection agency in Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B.

## FACTUAL ALLEGATIONS

7. Ms. Stovash is a senior citizen, with limited assets and income, who fell behind on paying her bills. When Defendant Credit Control began trying to collect a delinquent Aspire Visa debt from Ms. Stovash, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Credit Control's collection actions.

8. On September 28, 2010, one of Ms. Stovash's attorneys at LASPD informed Defendant Credit Control, in writing, that Ms. Stovash was represented by counsel, and directed Credit Control to cease contacting her, and to cease all further collection activities because Ms. Stovash was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, on or about October 19, 2010, a male debt collector from Defendant Credit Control called Ms. Stovash and demanded that she pay the Aspire credit card debt or else he would send a Sheriff to her home and take her to jail. Ms. Stovash was greatly upset by this threat and informed the debt collector that she was represented by the attorneys at LASPD. Because the debt collector continued to speak to her in an abusive manner, Ms. Stovash terminated the call.

10. Accordingly, via letter dated January 7, 2011, one of Ms. Stovash's LASPD attorneys wrote Defendant Credit Control, to again demand that Credit Control cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. All of Defendant Credit Control's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Credit Control's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Stovash's agent, LASPD, told Defendant Credit

3

Control to cease communications and cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendant Credit Control violated § 1692c(c) of the FDCPA.

16. Defendant Credit Control's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Credit Control knew that Ms. Stovash was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant Credit Control to cease directly communicating with Ms. Stovash. By directly calling Ms. Stovash, despite being advised that she was represented by counsel, Defendant Credit Control violated § 1692c(a)(2) of the FDCPA.

20. Defendant Credit Control's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692e Of The FDCPA --
### False Statements

21. Plaintiff adopts and realleges ¶¶ 1-12.

22. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt. Defendant violated § 1692e of the FDCPA by making a false statement to Plaintiff, including, but not limited to: threatening Ms. Stovash that Defendant was sending a Sheriff to her home to take her to jail.

23. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT IV
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

24. Plaintiff adopts and realleges ¶¶ 1-12.

25. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. Threatening to send a Sheriff to Ms. Stovash's home to take her to jail, is unfair or unconscionable, in violation of § 1692f of the FDCPA.

26. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Kathleen Stovash, prays that this Court:

1. Find that Defendant Credit Control's debt collection actions violated the

FDCPA;

2. Enter judgment in favor of Plaintiff Stovash, and against Defendant Credit Control, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kathleen Stovash, demands trial by jury.

                                        Kathleen Stovash,

                                        By: /s/ David J. Philipps_____
                                        One of Plaintiff's Attorneys

Dated: January 7, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

6